UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIAB SULEIMAN SEMREEN,

    Plaintiff,

v.                          Case No. 8:07-cv-1941-T-33TGW

U.S. CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court upon consideration of Plaintiff's Motion for Summary Judgment on Plaintiff's Amended Petition (Doc. # 26), filed on May 9, 2008; Defendant's Response in Opposition and Cross-Motion for Summary Judgment (Doc. # 28), filed on June 2, 2008; and Plaintiff's Reply Brief in Opposition to Defendant's Cross-Motion for Summary Judgment (Doc. # 29), filed on June 5, 2008.

**I.    Background**

    Plaintiff is a citizen of Jordan and has been a lawful permanent resident of the United States since on or about December 1, 1990. (Doc. # 24 at ¶ 2). Plaintiff is the father of a U.S. citizen child, born in 2004. (Id.) On or about July 10, 1992, Plaintiff pled guilty in an Ohio state

court for the offense of trafficking in food stamps.  (Doc. ## 26 at 2; 27-2 at 25; 28 at 1).  Plaintiff was sentenced to 18 months imprisonment but his sentence was suspended and the court placed him on five years probation.  (Doc. # 28 at 1).  Plaintiff's probationary period ended on July 10, 1997.  (Doc. ## 26 at 6; 28 at 2).

On May 30, 2000, Plaintiff filed a N-400 application for naturalization with the United States Citizenship and Immigration Services ("USCIS").  (Doc. # 26 at 2).  USCIS held a citizenship interview pursuant to 8 U.S.C. § 1447 on February 4, 2002.  (Id.).  On or about March 22, 2002, USCIS issued a Notice to Appear to Plaintiff, seeking to have him removed from the United States on grounds that he had committed a crime involving moral turpitude for which a sentence of one year or longer may have been imposed.[1]  (Doc. # 27-2 at 2).  On March 25, 2002, USCIS denied Plaintiff's naturalization application on the grounds that removal proceedings had commenced.[2]  (Id. at 4-5).

---

[1] Under 8 U.S.C. § 1227(a)(2)(A)(I), an alien is subject to deportation if he is convicted of a crime involving moral turpitude within five years after his date of admission and is convicted of a crime for which a sentence of one year or longer may be imposed.

[2] Pursuant to 8 U.S.C. § 1429 and 8 C.F.R. § 318.1, an individual is ineligible for naturalization, and a pending

On or about April 15, 2002, Plaintiff filed an N-336 request for an administrative hearing to appeal the denial of his naturalization application. (Doc. # 1-2 at 4). In his N-336 request, Plaintiff asserted that food stamp trafficking is not a crime involving moral turpitude under Ohio state law. (Doc. ## 1-2 at 4; 26 at 3). Pursuant to 8 U.S.C. § 1429, USCIS was unable to hold an N-336 hearing regarding the denial of Plaintiff's citizenship application until the removal proceedings against him were concluded. On March 22, 2006, an immigration judge terminated Plaintiff's removal proceeding and declared him "eligible to seek naturalization." (Doc. # 27-2 at 7-8).

On July 5, 2006, over four years after his request was filed, a de novo hearing on Plaintiff's N-336 appeal was held before an Officer of the Immigration and Naturalization Service, who was charged with rendering an "independent decision regarding [Plaintiff's] eligibility for naturalization." (Id. at 10). After an additional fifteen months passed without a decision on Plaintiff's N-336 appeal, Plaintiff filed the instant action on October 26, 2007,

---

application for naturalization cannot be processed, when there is an outstanding Notice to Appear or a pending removal proceeding against the applicant. (Doc. # 27-2 at 5).

3

requesting that the District Court hold a hearing on the matter as provided by 8 U.S.C. § 1447(b).[3] (Doc. # 1).

On December 14, 2007, USCIS rendered its decision on Plaintiff's N-336 request and affirmed denial of Plaintiff's naturalization application on the grounds that Plaintiff's probationary period for his trafficking in food stamps conviction "took place inside the five-year statutory period in which good moral character is required." (Id. at 13-15). Because USCIS's decision was rendered during the pendency of this proceeding, the Court dismissed Plaintiff's complaint as being filed prematurely as to the issue of USCIS's failure to timely adjudicate Plaintiff's post-denial request for a hearing. (Doc. # 23 at 4-5). Plaintiff was given twenty days to file an amended complaint. (Id.).

On April 17, 2008, Plaintiff filed an amended complaint, seeking this Court's de novo review of his naturalization application pursuant to 8 U.S.C. § 1421(c). (Doc. # 24 at 8-9). Before filing the amended complaint, on February 4, 2008, Plaintiff filed a second N-400 application for naturalization with USCIS. (Doc. # 27-2 at 17-27). USCIS is currently

---

[3] If a determination on a naturalization application is not made within 180 days of the date of the N-400 examination, the applicant may apply to the United States District Court for a hearing on the matter. 8 U.S.C. § 1447(b).

4

processing that application. (Doc. ## 24 at 4; 28 at 2).

Plaintiff filed the instant summary judgment motion on May 9, 2008, requesting the Court's approval of his naturalization application and asserting that there is no genuine issue of material fact to show that Plaintiff lacks the good moral character necessary to obtain naturalized citizenship. (Doc. # 26 at 13-15). Defendants filed their cross-motion for summary judgment on June 2, 2008, contending that the undisputed facts establish that Plaintiff was not eligible for naturalization as of the date that he submitted his original application, May 30, 2000, because he had completed probation less than three years earlier. (Doc. # 28 at 5).

## II.  Analysis

A lawful permanent resident alien may be naturalized as a United States citizen if the individual meets the five-year statutory residency requirement, has resided continuously in the United States from the date of application up to the time of admission to citizenship, and can establish that during those periods the individual has been and still is "a person of good moral character."  8 U.S.C. § 1427(a).  The naturalization process is commenced with the submission of an N-400 application for naturalization with the Attorney

5

General.  8 U.S.C. § 1445(a).  Processing of the application includes a background investigation; testing for English proficiency and knowledge of the history and functioning of the United States government; and an interview under oath by a USCIS naturalization officer.  8 U.S.C. §§ 1423(a), 1446(a); 8 C.F.R. §§ 316.4, 335.2.

If USCIS denies the application, the applicant may request a hearing before an immigration officer other than the officer who conducted the original examination.  8 U.S.C. § 1447(a); 8 C.F.R. § 336.2.  The next step in the appeals process is before the district court for the district in which the applicant resides.  Pursuant to 8 U.S.C. § 1421(c),

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court . . . .  Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

However, the Federal Rules of Civil Procedure are applicable to the district court's review.  See Chan v. Gantner, 464 F.3d 289, 295 (2d Cir. 2006) (quoting Fed. R. Civ. P. 81(a)(2)).  Therefore, the court can dismiss the complaint or grant summary judgment if there are no genuine issues of material fact.

The facts of this case are undisputed.  The parties agree that in 1992 Plaintiff was convicted of the offense of trafficking in food stamps, that his 18 month sentence for that conviction was suspended, and that he served a five-year term of probation that was completed on July 10, 1997.  Further, it is undisputed that Plaintiff filed his initial application for naturalization on May 30, 2000, less than three years after his probation was completed.

The issue before the Court is whether Plaintiff has established that he was a person of good moral character as of his May 30, 2000 application date, in spite of his prior conviction and probation for trafficking in food stamps.  Defendants argue that, because Plaintiff's probationary period for his 1992 food stamp conviction took place during the five year statutory period, Plaintiff has failed to establish good moral character.  Plaintiff contends that his one conviction and period of probation do not support a finding that he lacks the good moral character necessary to become a naturalized citizen.

Since initiation of this suit, however, Plaintiff has submitted a second N-400 application for naturalization, which USCIS has indicated that they are currently reviewing. Plaintiff's probationary period ended over ten years prior to

7

this second application's February 4, 2008, submission date; therefore, Plaintiff's probation will have ended well before the statutory period for determining Plaintiff's good moral character for purposes of the current application. Defendants have expressed a willingness to allow Plaintiff to establish that he has had good moral character since the conclusion of his probation. (Doc. # 28 at 9).

Therefore, the Court finds it appropriate to stay this action pending USCIS's decision on Plaintiff's February 2008 application. The current application has already been under review by USCIS for over ten months and is therefore likely to be resolved in the near future. A stay will allow this Court to exercise its statutory review under 8 U.S.C. § 1421(c) in a timely and efficient manner if the agency denies Plaintiff's application for a second time.

In addition, the Court's stay of this proceeding will allow USCIS to decided a matter that Congress has placed primarily in their hands. See Ghalib v. Hudson, 2006 WL 3813773, at **3-4 (S.D. Tex. Dec. 27, 2006) (citing I.N.S. v. Ventura, 537 U.S. 12, 16 (2002)) (staying district court review of a citizenship application's denial until USCIS decided plaintiff's pending application, preferring to let the agency exercise its statutory function). USCIS is the entity

8

best suited to weigh new evidence regarding Plaintiff's moral character during the time period since Plaintiff's May 2000 application.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Summary Judgment on Plaintiff's Amended Petition (Doc. # 26) is **DENIED.**

(2) Defendant's Cross-Motion for Summary Judgment (Doc. # 28) is **DENIED.**

(3) The case is hereby **STAYED** pending notification by the parties that Plaintiff's February 4, 2008, naturalization application has been decided and the stay is due to be lifted or the case is due to be dismissed.

(4) The parties shall file a joint status report with this Court every ninety (90) days until this matter is resolved.

(5) The Clerk shall terminate all deadlines and motions and administratively close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of December 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record